1   WILLIAM L. ANTHONY, JR.  (State Bar No. 166026)
    wanthony@orrick.com
2   MATTHEW H. POPPE  (State Bar No. 177854)
    mpoppe@orrick.com
3   ZHENG LIU  (State Bar No. 229311)
    jenliu@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, California 94025
    Telephone:     +1-650-614-7400
6   Facsimile:     +1-650-614-7401

7   Attorneys for Defendant
    VARIAN MEDICAL SYSTEMS, INC.
8

9   DANIEL JOHNSON, JR. (State Bar No. 57409)
    djjohnson@morganlewis.com
10  RITA E. TAUTKUS (State Bar No. 162090)
    rtautkus@morganlewis.com
11  MORGAN LEWIS & BOCKIUS, LLP
    One Market – Spear Street Tower
12  San Francisco, CA  94105
    Telephone:     1-415-442-1000
13  Facsimile:     1-415-442-1001

14  Attorneys for Plaintiff
    UNIVERSITY OF PITTSBURGH
15

16                          UNITED STATES DISTRICT COURT

17                        NORTHERN DISTRICT OF CALIFORNIA

18                            SAN FRANCISCO DIVISION

19

20

21  UNIVERSITY OF PITTSBURGH OF THE          Case No.  CV 08-02973 MMC
    COMMONWEALTH SYSTEM OF HIGHER
22  EDUCATION d/b/a UNIVERSITY OF            **STIPULATED REQUEST FOR
    PITTSBURGH, a Pennsylvania non-profit    ORDER SHORTENING TIME RE:
    corporation (educational),               MOTION TO TRANSFER ACTION
23                                           TO U.S. DISTRICT COURT FOR
                                             WESTERN DISTRICT OF
24                  Plaintiff,               PENNSYLVANIA [Civil L.R. 6-2]**

25        v.                                 **Filed Electronically**

26  VARIAN MEDICAL SYSTEMS, INC., a
    Delaware corporation,
27
                    Defendant.
28

---

STIPULATED REQUEST FOR
ORDER SHORTENING TIME
(Case No. CV 08 2973)

1    WHEREAS, Plaintiff University of Pittsburgh ("UPitt") commenced the present patent

2    infringement case against Defendant Varian Medical Systems, Inc. ("Varian") on June 16, 2008

3    alleging infringement of U.S. Patent Nos. 5,727,554 and 5,784,431 (the "patents-in-suit");

4    WHEREAS, UPitt filed a prior action against Varian alleging infringement of the patents-

5    in-suit in the U.S. District Court for the Western District of Pennsylvania, Case No. CV-07-

6    00491-AJS (the "WDPA case");

7    WHEREAS, the District Court in the WDPA case entered a protective order addressing

8    the production of materials deemed confidential by the producing party, Section 8 of which

9    providing, in pertinent part, that materials designated "Confidential" or "Confidential Attorney

10   Eyes Only" pursuant thereto "may only be used for purposes of preparation, trial and appeal of

11   this action" (*see* Exhibit A, attached hereto);

12   WHEREAS, on June 27, 2008, Varian filed a motion to transfer this action to the U.S.

13   District Court for the Western District of Pennsylvania;

14   WHEREAS, in its memorandum of points and authorities in support of the Motion to

15   Transfer, Varian cites to materials produced in the WDPA case by UPitt and several third parties

16   that were designated by them as "Confidential" or "Confidential Attorney Eyes Only";

17   WHEREAS, Varian attached those materials as exhibits to a Sealed Declaration of

18   Matthew H. Poppe that it intended to file in support of the Motion to Transfer, but it could not file

19   those materials in this case without an amendment of the WDPA protective order;

20   WHEREAS, on Thursday, June 26, 2008, Varian sought UPitt's and third parties'

21   permission to use in this action materials designated as "Confidential" or "Confidential Attorney

22   Eyes Only" in the WDPA action.  UPitt gave permission on the same day, but Varian did not

23   receive permission from the third parties until Monday, June 30, 2008;

24   WHEREAS, Varian accordingly could not file the exhibits to the Sealed Declaration of

25   Matthew H. Poppe when it filed the rest of the papers associated with the Motion to Transfer on

26   June 27, 2008;

27   WHEREAS, Varian served UPitt with a copy of the Sealed Declaration of Matthew H.

28   Poppe with all exhibits attached on June 27, 2008, after 5:30 p.m. (Pacific);

- 1 -

OHS West:260467065.2

1      WHEREAS, upon obtaining permission from UPitt and the relevant third parties to use

2  their discovery materials in this action, Varian submitted an Unopposed Motion to Amend

3  Protective Order in the WDPA case on July 1, 2008;

4      WHEREAS, the district court in the WDPA case granted Varian's Motion to Amend on

5  July 2, 2008 (*see* Exhibit B, attached hereto);

6      WHEREAS, no previous time modifications have been granted in this case, whether by

7  stipulation or court order; and

8      WHEREAS, granting the requested shortening of time will allow the Court to hear

9  Varian's Motion to Transfer more expeditiously and avoid possible delay with respect to other

10  proceedings in this action;

11      NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the parties, acting

12  through their respective counsel, pursuant to Civil L.R. 6-2 and 7-12, and subject to approval by

13  the Court, that the following schedule shall apply to Varian's Motion to Transfer Action to U.S.

14  District Court for Western District of Pennsylvania, filed on June 27, 2008, despite the fact that

15  Varian filed a Sealed Declaration of Matthew H. Poppe in support of the motion on July 2, 2008:

16      1.    UPitt shall have through and including July 11, 2008, within which to file its

17  Opposition to the Motion to Transfer;

18      2.    Varian shall have through and including July 18, 2008 to file its Reply; and

19      3.    The parties agree that the hearing on the Motion to Transfer shall remain noticed

20  for August 1, 2008 at 9:00 a.m. as set forth in the Notice of Motion associated with the Motion to

21  Transfer.

22      IT IS SO STIPULATED.

23

24  Dated: July 3, 2008          ORRICK, HERRINGTON & SUTCLIFFE LLP

25

26                    By:_____ /s/ *Zheng Liu*_____

27                            Zheng Liu

28                 Attorneys for Defendant Varian Medical
                             Systems, Inc.

- 2 -

1

2  Dated:  July 3, 2008                    MORGAN LEWIS & BOCKIUS, LLP

3

4                                          By:_____*/s/ Rita E. Tautkus,* with permission_____
                                                      Rita E. Tautkus
5                                          Attorneys for Plaintiff University of
                                                      Pittsburgh
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

STIPULATED REQUEST FOR
ORDER SHORTENING TIME
(Case No. CV 08 2973)

**ATTESTATION**

I, Zheng Liu, am the ECF User whose ID and password are being used to file this **STIPULATED REQUEST FOR ORDER SHORTENING TIME RE: MOTION TO TRANSFER ACTION TO U.S. DISTRICT COURT FOR WESTERN DISTRICT OF PENNSYLVANIA [Civil L.R. 6-2]**. In compliance with General Order 45, X.B., I hereby attest that Mitchell M. Blakely has read and approved this stipulation. I will maintain an executed copy of this stipulation in our files that can be made available for inspection upon request.

Dated:  July 3, 2008                                 ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                     By:_____ /s/ *Zheng Liu*_____
                                                                Zheng Liu
                                                     Attorneys for Defendant Varian Medical
                                                                Systems, Inc.

- 4 -

1

### CERTIFICATE OF SERVICE

2

3

I hereby certify that a true and correct copy of the **STIPULATED REQUEST FOR**

**ORDER SHORTENING TIME RE: MOTION TO TRANSFER ACTION TO U.S.**

4

**DISTRICT COURT FOR WESTERN DISTRICT OF PENNSYLVANIA [Civil L.R. 6-2]**

5

was served upon the University of Pittsburgh, through its counsel, via:

6

7

8              _____          Hand-Delivery

9              _____          Facsimile

10             _____          First Class, US Mail, Postage Prepaid

11             _____          Certified Mail-Return Receipt Requested

12        X    _____          ECF Electronic Service

13             _____          Overnight Delivery

14

15     at the following addresses:

16                           Rita E. Tautkus
                     Morgan Lewis & Bockius, LLP
17                   One Market – Spear Street Tower
                        San Francisco, CA  94105
18                   rtautkus@morganlewis.com

19

Dated:  July 3, 2008

20                                      /s/ Zheng Liu
                                         Zheng Liu

21

22

23

24

25

26

27

28

- 5 -

OHS West:260467065.2

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH,

          Plaintiff,

   v.

VARIAN MEDICAL SYSTEMS, INC.,

          Defendant.

Civil Action No. 2:07-cv-00491-AJS

Judge Arthur J. Schwab

**FILED ELECTRONICALLY**

### PROTECTIVE ORDER

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective

Order has been entered by Court.

#### Proceedings and Information Governed.

      1.     This Order and any amendments or modifications hereto ("Protective Order")

shall govern any document, material, testimony, information or other thing furnished by any

party, to any other party, and includes non-parties who receive a subpoena in connection with

this action. The information protected includes, but is not limited to, answers to interrogatories,

answers to requests for admission, responses to requests for production of documents, responses

to subpoenas, deposition transcripts and videotapes, deposition exhibits, and other writings or

things produced, given or filed in this action that are designated by a party as "Confidential ",

"Confidential Attorney Eyes Only " or "Confidential Attorney Eyes Only – Source Code" in

accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses,

summaries, descriptions, or other forms of recorded information containing, reflecting, or

disclosing such information.

1

**Designation and Maintenance of Information.**

2.    For purposes of this Protective Order, (a) the "Confidential Information" designation shall mean that the document is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed.R.Civ.P. 26(c)(7), or other information required by law or agreement to he kept confidential, (b) the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation, or prosecution of a patent application dealing with such subject matter and (c) the "Confidential Attorney Eyes Only – Source Code" designation shall mean that the material contains "Source Code" which, for the puroposes of this Order, means both human (commented) and machine readable program codes and software that the designating party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the designating party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. Confidential, Confidential Attorney Eyes Only and Confidential Attorney Eyes Only - Source Code information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.      Documents and things produced during the course of this litigation within the

scope of paragraph 2 (a) above, may be designated by the producing party as containing

Confidential Information by placing on each page and each thing a legend substantially as

follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

(a)      Documents and things produced during the course of this litigation within the

scope of paragraph 2(b) above may be designated by the producing party as containing

Confidential Attorney Eyes Only Information by placing on each page and each thing a legend

substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER**

(b)      Documents and things produced during the course of this litigation within the

scope of paragraph 2(c) above may be designated by the producing party as containing Attorney

Eyes Only - Source Code Information by placing on each page and each thing a legend

substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY - SOURCE CODE INFORMATION
SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information,

Confidential Attorney Eyes Only Information or Confidential Attorney Eyes Only - Source Code

by requesting the reporter to so designate the transcript or any portion thereof at the time of the

deposition. If no such designation is made at the time of the deposition, any party shall have

fourteen (14) calendar days after the date of the deposition to designate, in writing to the other

parties and to the court reporter, whether any part of the transcript is to be designated as

Confidential Information, Confidential Attorney Eyes Only Information or Attorney Eyes Only -

3

Source Code. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or under their control as Confidential, Confidential Attorney Eyes Only Information, or Confidential Attorney Eyes Only - Source Code. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Confidential Attorney Eyes Only, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information, Confidential Attorney Eyes Only Information or Confidential Attorney Eyes Only - Source Code. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

It is the responsibility of counsel for each party to maintain materials containing Confidential Information, Confidential Attorney Eyes Only Information or Confidential Attorney Eyes Only - Source Code in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

4.      The protections conferred by this Order cover not only designated material as described herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

**Inadvertent Failure to Designate.**

5.      The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in

4

writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Inadvertent Production of Privileged Information.**

6.     The inadvertent production of privileged information will not be deemed to waive the attorney-client privilege or protection under the attorney work product doctrine. Upon discovering an inadvertent production of such information, the producing party shall promptly notify the receiving party. The receiving party must return within five calendar days, the original produced copy to the producing party, destroy all copies, provide verification of destruction and provide the producing party with a list of those individuals who reviewed the privileged information within five (5) calendar days of receiving notice from the producing party. This right to retrieve inadvertently produced privileged information extinguishes thirty (30) calendar days prior to the pre-trial conference.

**Challenge to Designations.**

7.     A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, and after the conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation

shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

8.    Information designated as Confidential Information, Confidential Attorney Eyes Only Information or Confidential Attorney EyesOnly - Source Code Information may only be used for purposes of preparation, trial and appeal of this action. Confidential Information, Confidential Attorney Eyes Only Information or Confidential Attorney EyesOnly - Source Code Information may not be used under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose.

9.    Subject to paragraph 13 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

10. Subject to paragraph 13 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals

6

are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b)

supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks,

legal clerks, private photocopying services; (c) experts or consultants; and (d) those individuals

designated in paragraph 15(c).

11.     Subject to paragraph 13 below, Confidential Attorney Eyes Only – Source Code

Information may be disclosed by the receiving party only to the following individuals provided

that such individuals are informed of the terms of this Protective Order: (a) outside counsel for

the receiving party; (b) supporting personnel employed by (a) , such as paralegals, legal

secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or

consultants; and (d) those individuals designated in paragraph 15(c). Unless otherwise agreed to

in writing between the producing party and the receiving party, Attorney Eyes Only - Source

Code Information shall only be provided on stand-alone computers (that is, computers not

connected to a network, Internet or a peripheral device) at secure locations, to be made available

during regular business hours on reasonable notice.

12.     The producing party will allow printing of paper copies of specific portions of

Source Code designated as "Confidential Attorney Eyes Only - Source Code Information" at the

time of inspection by the receiving party, which the receiving party may take when completing

an inspection. During an inspection, the receiving party may also identify sections or modules of

code, which will be printed by the producing party and shipped to the receiving party's Outside

Counsel of Record. The party receiving paper copies of any Source Code designated as

"Confidential Attorney Eyes Only - Source Code Information", whether printed at the time of

inspection or produced in such paper form, must keep that Source Code in a secured container

when not in use at the receiving party's Outside Counsel of Record. The receiving party shall

maintain a complete log of Bates numbered pages printed and persons who have reviewed those pages, and shall produce such log at the time its first expert reports relating to source code are delivered, regardless of the restrictions on expert discovery below. For security purposes, this log must be produced to the producing party regardless of any other stipulation limiting expert discovery. Further, the log will be supplemented with each new expert report relating to Source Code, 10 days after trial, and at the termination of this action.

13. Further, prior to disclosing Confidential Information, Confidential Attorney Eyes Only Information or Confidential Attorney Eyes Only - Source Code Information to a receiving party's proposed expert, consultant or employees, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting or employment relationships in the industry. The producing party shall thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within ten (10) business days shall constitute approval. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

14. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

8

15.     Confidential Information, Confidential Attorney Eyes Only Information or Confidential Attorney Eyes Only - Source Code Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

(a)     the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b)     the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c)     counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential/Confidential Attorney Eyes Only/ Confidential Attorney Eyes Only - Source Code Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

16.     The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

17.     In the event that any party wishes to submit "Confidential," "Confidential Attorney Eyes Only" or "Confidential Attorney Eyes Only - Source Code" Information to the Court, such a submission shall be filed only in a sealed envelope bearing the caption of this action and a notice in the following form:

9

## CONFIDENTIAL INFORMATION

[caption]

This envelope, which is being filed under seal,

contains documents that are subject to a Protective

Order governing the use of confidential discovery material.

**No Prejudice.**

18.    Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

Use.

19.    The attorneys of record shall employ reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of information designated in accordance with this Order as "Confidential," "Confidential Attorney Eyes Only" or "Confidential Attorney Eyes Only - Source Code" Information. Parties to this action (other than the party which designated the material) shall not duplicate any designated material except for working copies and copies for filing in Court under seal. Designated material shall be used by the party and persons to whom it is disclosed solely in conducting this action and any appellate

proceeding related thereto. Designated material shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further Order of the Court. No person who is furnished Designated material shall disclose it to any person not entitled under this Order to receive it.

**Party's Own Information.**

      20.    The restriction on the use of "Confidential," "Confidential Attorney Eyes Only" or "Confidential Attorney Eyes Only - Source Code" information established by this Protective Order are applicable only to the use by the receiving party. The designating party is free to do whatever it desires with its own documents and things.

Depositions.

      21.    Any deposition reporter who records testimony in this action at a deposition shall be given a copy of this Order and shall be required to agree on the transcript of the deposition, before recording any such testimony, that all testimony and information revealed at the deposition shall not be disclosed by such reporter or any person who transcribed such testimony except to the deponent, the attorneys of record for the parties in this action and their staff.

**Exclusion from Deposition.**

      22.    Whenever any Confidential/Confidential Attorney Eyes Only/ Confidential Attorney Eyes Only - Source Code material is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as Confidential/Confidential Attorney Eyes Only/Confidential Attorney Eyes Only - Source Code.

11

**Subpoena by other Courts or Agencies**.

23.     If another court or an administrative agency subpoenas or orders production of documents or other information designated as Confidential/Confidential Attorney Eyes Only/ Confidential Attorney Eyes Only - Source Code which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the Confidential material of the pendency of such subpoena or order.

Logistics of Production.

24.     The parties shall produce digital information in electronic format (e.g., on CDs or DVDs). The producing party will bear the cost of preserving, producing, and restoring any digital information produced and the requesting party will bear the cost of printing any such digital information received.

**Conclusion of Litigation.**

25     Within sixty (60) calendar days of final disposition of this action, whether by judgment, settlement or otherwise, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, Confidential Attorney Eyes Only Information or Confidential Attorney Eyes Only - Source Code and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. For the purpose of this paragraph only, "final disposition" includes the last date a notice of appeal may be filed, or issuance of any final appellate decision.

**Other Proceedings.**

26.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

27.     It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

28.     Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNIVERSITY OF PITTSBURGH, | : | |
| | : | ELECTRONICALLY FILED |
| | : | |
| Plaintiff, | : | Civil Action No. 2:07-cv-00491-AJS |
| | : | |
| v. | : | Judge Arthur J. Schwab |
| | : | |
| VARIAN MEDICAL SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information,,"

"Confidential Attorney Eyes Only Information," or "Confidential Attorney Eyes Only - Source

Code" as defined in the Protective Order entered in the above-captioned action (hereinafter

"Protective Order"), is being provided to me pursuant to the terms and restrictions of the

Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be
bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, Confidential Attorney Eyes Only

Information or Confidential Attorney Eyes Only - Source Code Information disclosed to me

pursuant to the Protective Order except for purposes of the above-captioned litigation and not to

disclose any such information to persons other than those specifically authorized by said

14

Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information, Confidential Attorney Eyes Only Information or Confidential Attorney Eyes Only - Source Code Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information, Confidential Attorney Eyes Only Information or Confidential Attorney Eyes Only - Source Code Information are to be returned to counsel who provided me with such documents and materials.

I declare under penalty of perjury that the foregoing is true and correct and that this Exhibit A was executed this _____ day of _____, 2007 at

_____.

_____

15

Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNIVERSITY OF PITTSBURGH, | : | **ELECTRONICALLY FILED** |
| | : | |
| Plaintiff, | : | Civil Action No. 2:07-cv-00491-AJS |
| | : | |
| v. | : | Judge Arthur J. Schwab |
| | : | |
| VARIAN MEDICAL SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Confidential Attorney Eyes Only – Source Code Information" as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, Confidential Attorney Eyes Only Information or Confidential Attorney Eyes Only – Source Code Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said

16

Protective Order, without the express written consent of the party who designated such

information as confidential or by order of this Court.

     I declare under penalty of perjury that the foregoing is true and correct and that this

Exhibit B was executed this _____ day of _____, 2007 at

_____.

                                      _____

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the PROTECTIVE ORDER (which has been electronically filed and is available for viewing and downloading from the ECF system) has been served upon all parties either individually or through counsel via:

| | |
|---|---|
| _____ | Hand-Delivery |
| _____ | Facsimile |
| _____ | First Class, US Mail, Postage Prepaid |
| _____ | Certified Mail-Return Receipt Requested |
| ____X____ | ECF Electronic Service |

at the following addresses:

Christopher K. Ramsey
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
cramsey@morganlewis.com

David W. Marston Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
dmarston@morganlewis.com

Daniel Johnson, Jr.
Allison K. Young
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Squire, Suite 700
3000 El Camino Real
Palo Alto, CA
djjohnson@morganlewis.com
allison.young@morganlewis.com

Rita E. Tautkus
Morgan Lewis & Bockius, LLP
One Market – Spear Street Tower
San Francisco, CA  94105
rtautkus@morganlewis.com

Dated:  May 24, 2007

_/s/ Henry M. Sneath_
Henry M. Sneath, Esquire
Pa. I.D. No. 40559
Shannon M. Clougherty, Esquire
Pa. I.D. No. 88586
4710 US Steel Tower
600 Grant Street
Pittsburgh, PA  15219-2709
Counsel for Defendant

18

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH

        Plaintiff,

    v.

VARIAN MEDICAL SYSTEMS, INC.,

        Defendant.

    Case 2:07-cv-00491-AJS

    Judge Arthur J. Schwab

    **Filed Electronically**

~~[PROPOSED]~~ ORDER OF COURT *RE: Amended Protective Order*

AND NOW, to-wit, this **2nd** day of July, 2008, upon consideration of Defendant

Varian Medical Systems, Inc.'s Unopposed Motion to Amend Protective Order, it is hereby

ORDERED, ADJUDGED and DECREED that the Motion is GRANTED. Paragraph 8 of the

May 24, 2007 Protective Order for the above case is therefore amended to read as follows:

"8. Information designated as Confidential Information, Confidential Attorney Eyes Only

Information or Confidential Attorney Eyes Only - Source Code Information may only be used

for purposes of preparation, trial and appeal of this action or any other action between the parties

involving alleged infringement or non-infringement of U.S. Patent No. 5,727,554 and/or

5,784,431, including but not limited to the pending action in the Northern District of California,

Case No. CV 08-02973 MMC. Confidential Information, Confidential Attorney Eyes Only

Information or Confidential Attorney Eyes Only - Source Code Information may not be used

under any circumstances for prosecuting any patent application, for patent licensing or for any

other purpose."

- 1 -

IT IS SO ORDERED.

BY THE COURT:

- 2 -