DANIEL JOHNSON, JR. (SBN 574090)
RITA E. TAUTKUS (SBN 162090)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco CA 94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
Email:  djjohnson@morganlewis.com
Email:  rtautkus@morganlewis.com

Attorneys for Plaintiff
UNIVERSITY OF PITTSBURGH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH<br><br>        Plaintiff,<br><br>    v.<br><br>VARIAN MEDICAL SYSTEMS, INC.<br><br>        Defendant. | Case No. CV 08-02973 MMC<br><br>**DECLARATION OF RITA E. TAUTKUS IN RESPONSE TO JULY 16, 2008 COURT ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS**<br><br>Date:  August 29, 2008<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor |

I, Rita E. Tautkus, declare as follows:

1.      I am Of Counsel with the law firm of Morgan, Lewis & Bockius LLP, attorneys of record for University of Pittsburgh. I am licensed to practice law before the Courts for the State of California. The matters referred to in my declaration are based on my personal knowledge and, if called as a witness, I could and would testify competently to those matters.

2.      I make this declaration pursuant to the Court's Order dated July 16, 2008, which directed designating parties to file "a declaration establishing that each document it has designated as confidential is sealable, or withdraw the designation of confidentiality."

3.      I spoke with Mr. William B. Mallin, General Counsel for non-party Eckert Seamans Cherin & Mellot, LLC ("Eckert Seamans"), on July 21, 2008 about this Court's July 16, 2008 Order and Exhibit F attached to the Sealed Declaration of Matthew H. Poppe in Support of Varian's Motion to Transfer Action to U.S. District Court for Western District of Pennsylvania. Mr. Mallin told me that Eckert Seamans does not object to Exhibit F being filed in the public record. Specifically, Mr. Mallin stated that pages 1-3, 5, 6, 8, 14-23, and 150 of the transcript of the deposition of Richard Westerhoff taken on October 3, 2007 in the Western District of Pennsylvania action, Case No. 07-0491, may be filed in the public record and Eckert Seamans withdraws any designation of confidentiality with respect those pages. Attached hereto as Exhibit A is a true and correct copy of an e-mail dated July 21, 2008, from Mr. Mallin that confirms the same.

4.      Attached hereto as Exhibit B is a true and correct copy of the Declaration of Charalambos Athanassiou in Support of Administrative Motion to File Certain Documents Under Seal, signed by Charalambos Athanassiou.

5.      Attached hereto as Exhibit C is a redacted version of Exhibit W to the Sealed Declaration of Matthew H. Poppe in Support of Varian's Motion to Transfer Action to U.S. District Court for Western District of Pennsylvania that includes all of the portions of Exhibit W to the Sealed Declaration for which the designation of confidentiality has been withdrawn.

6.      Attached hereto as Exhibit D is a true and correct copy of the Declaration of Laura Hillock in Response to July 16, 2008 Court Order Re: Administrative Motions to Seal Documents, signed by Laura Hillock.

7.    Attached hereto as Exhibit E is a redacted version of Exhibit R to the Sealed Declaration of Matthew H. Poppe in Support of Varian's Motion to Transfer Action to U.S. District Court for Western District of Pennsylvania that includes all of the portions of Exhibit R to the Sealed Declaration for which the designation of confidentiality has been withdrawn.

8.    The designation of confidentiality has been withdrawn from Exhibit 23 of the Declaration of Rita E. Tautkus in Support of Plaintiff's Administrative Motion to File Certain Documents Under Seal to University of Pittsburgh's Opposition to Transfer by Varian Medical Systems, Inc.  Accordingly, Exhibit 23 is attached hereto as Exhibit F to be made part of the public record.

9.    University of Pittsburgh does not object to Exhibits A-Q, T-V, and X of the Sealed Declaration of Matthew H. Poppe in Support of Varian's Motion to Transfer Action to U.S. District Court for Western District of Pennsylvania being filed in the public record.

10.    I am informed and believe that University of Pittsburgh Medical Center ("UPMC") contacted University of Pittsburgh and told University of Pittsburgh that UPMC does not object to Exhibits U, V, and X of the Sealed Declaration of Matthew H. Poppe in Support of Varian's Motion to Transfer Action to U.S. District Court for Western District of Pennsylvania being filed in the public record.

11.    I was contacted by James Mercolini, Assistant General Counsel for Carnegie Mellon University ("CMU"), and told that CMU withdrew any designation of confidentiality with respect to Exhibits D, E, and H-Q of the Sealed Declaration of Matthew H. Poppe in Support of Varian's Motion to Transfer Action to U.S. District Court for Western District of Pennsylvania.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 22nd day of July, 2008, at Palo Alto, California.

By: /s/ Rita E. Tautkus
Rita E. Tautkus

# EXHIBIT A

**WMallin@eckertseamans.com**

07/21/2008 04:37 PM

To  "Rita E. Tautkus" <rtautkus@morganlewis.com>

cc

bcc

Subject  University of Pgh. v. Varian Medical Systems Inc.

Dear Ms. Tautkus:

As you know, I am General Counsel to the law firm of Eckert Seamans Cherin & Mellott, LLC, and I am authorized to act on behalf of that firm.  I represented Eckert Seamans at its deposition by designated representative Richard Westerhoff, Esq. taken on October 3, 2007 in Pittsburgh, Pennsylvania in an action pending in the United States District Court for the Western District of Pennsylvania.  That deposition was designated as confidential.

I have been informed that in a litigation pending in the United States District Court for the Northern District of California, San Francisco Division, an issue has arisen as to whether pages 1-3, 5, 6, 8, 14-23, and 150 are to be considered confidential.  Eckert Seamans Cherin & Mellott, LLC withdraws its designation of confidentiality with respect to those pages and therefore those pages may be filed in the public record in the action pending in California.

I understand that you will advise the Court that Eckert Seamans has withdrawn the designation of confidentiality with respect to the pages listed above.  If you need further information, please let me know.

William B. Mallin, Esq.
General Counsel
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
Direct:  (412) 566-6027
Fax:     (412) 566-6099

This communication may contain federal tax advice.  Recent IRS regulations require us to advise you that any discussion of federal tax issues in this communication was not intended or written to be used and cannot be used to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein.  Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose if avoiding tax-related penalties.  Please contact one of the Firm's Tax partners if you have any questions regarding federal tax advice.

_____
Scanned by Symantec Anti-Virus and Content Filtering before delivery.

This e-mail message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and destroy the original message without making a copy.  Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature

unless a specific statement to the contrary is included in this message.

# EXHIBIT B

DANIEL JOHNSON, JR. (SBN 574090)
RITA E. TAUTKUS (SBN 162090)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco CA 94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
Email:  djjohnson@morganlewis.com
Email:  rtautkus@morganlewis.com

Attorneys for Plaintiff
UNIVERSITY OF PITTSBURGH
            AND
Non-Party, CHARALAMBOS ATHANASSIOU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH<br><br>                Plaintiff,<br><br>     v.<br><br>VARIAN MEDICAL SYSTEMS, INC.<br><br>                Defendant. | Case No. CV 08-02973 MMC<br><br>**DECLARATION OF CHARALAMBOS ATHANASSIOU IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Date:  August 29, 2008<br>Time:  9:00 a.m.<br>Courtroom 7, 19th Floor |

1    I, Charalambos Athanassiou, declare as follows:

2    1.    I am one of the inventors of each of the patents in suit, U.S. Patent Nos. 5,727,554

3    and 5,784,431. The matters referred to in my declaration are based on my personal knowledge and,

4    if called as a witness, I could and would testify competently to those matters.

5    2.    I was deposed by Varian Medical Systems, Inc. on November 16, 2007 in connection

6    with the Western District of Pennsylvania action, Case No. 07-0491, pertaining to the same parties

7    and patents-in-suit.

8    3.    I have reviewed Exhibit W of the Sealed Declaration of Matthew H. Poppe In

9    Support of Varian's Motion to Transfer Action to U.S. District Court for Western District of

10   Pennsylvania, and found that it contains pages 2, 3, 6, 7, 12, and the certification page of the reporter

11   of the transcript from my deposition taken on November 16, 2007 in the Western District of

12   Pennsylvania action, Case No. 07-0491.

13   4.    I understood at the time of the aforementioned deposition that the transcript of the

14   deposition would be designated as Confidential Attorney Eyes Only pursuant to the Protective Order

15   (Docket No. 29, as amended Docket No. 331) entered in the Western District of Pennsylvania action,

16   Case No. 07-0491.

17   5.    During the deposition, I was asked to give, and did provide, my home address. I do

18   not ordinarily provide my home address unless required to do so. I do not publish my home address

19   or otherwise cause it to become public. In addition, I ordinarily take steps to keep my home address

20   private. Therefore, I request that line 9 of page 7 of the November 16, 2007 deposition transcript be

21   filed under seal. I have no objection to the remaining pages of Exhibit W, namely 2, 3, 6, 7

22   (excluding line 9), 12, and the certification page of the reporter, being filed in the public record.

23   I declare under penalty of perjury under the laws of the United States of America that the

24   foregoing is true and correct and that this declaration was executed this __21__ day of July, 2008, at

25   Pittsburgh, Pennsylvania.

26

27   By: _____

28   Charalambos Athanassiou

# EXHIBIT C

# EXHIBIT W

(REDACTED)

```
 1              IN THE UNITED STATES DISTRICT

 2            NORTHERN DISTRICT OF CALIFORNIA

 3

 4    UNIVERSITY OF PITTSBURGH,      )
                                     )
 5              Plaintiff            )
                                     ) Case No.
 6    vs.                            )07-CV-0791(AJS)
                                     )
 7    VARIAN MEDICAL SYSTEMS,        )Western District of
                                     )Pennsylvania
 8                                   )
                Defendant.           )
 9    _____)

10

11

12            Deposition of CHARALAMBOS ATHANASSIOU

13            taken on behalf of the Defendant at

14            1000 Marsh Road, Menlo Park, CA.

15            Beginning at 9:06 a.m. and ending at

16            5:38 p.m. on Friday, November 16, 2007

17            before Rick Posner, CSR No. 5040.

18

19

20

21

22

23

24

25
```

```
 1                      APPEARANCES

 2

 3    Representing:  Plaintiff

 4            Morgan, Lewis & Brockius, LLP

 5            John D. Zele, Esq.

 6            1111 Pennsylvania Avenue, NW

 7            Washington DC,  20004

 8            202/739-5418

 9            jzele@morganlewis.com

10

11    Representing:  Defendant

12            Orrick, Herrington & Sutcliffe

13            William Anthony, Esq.

14            1000 Marsh Road

15            Menlo Park, CA 94025

16            650/614-7645

17            wanthony@orrick.com

18

19            ALSO PRESENT:  Sean Grant, Videographer

20

21

22

23

24

25
```

```
 1
 2              THE VIDEOGRAPHER:  Good morning.  The date
 3    is November 16th, 2007.  The time is 9:06 a.m.  This
 4    begins the videotaped deposition of Mr. Harry
 5    Athanassiou.  The location of this deposition is at
 6    the offices of Orrick, Herrington & Sutcliffe
 7    located at 1000 Marsh Road, Menlo Park, 94025.
 8              This deposition is in regards to
 9    University of Pittsburgh versus Varian Medical
10    Systems, Inc., as filed in the United States
11    District Court for the Western District of
12    Pennsylvania.  The case number is 2:07-CV-00491.
13              The videographer is Sean Grant of US Legal
14    Support.  The court reporter is Rick Posner, also of
15    US Legal Support.
16              Counsel, please identify yourselves for
17    the record.
18              MR. ANTHONY:  William Anthony, Orrick,
19    representing the defendant, Varian.
20              MR. ZELE:  John Zele at Morgan, Lewis &
21    Bockius, representing Mr. Athanassiou.
22                        (Witness sworn.)
23
24    //
25    //
```

<pre>
 1                    EXAMINATION

 2   BY MR. ANTHONY:

 3        Q    Good morning, Mr. Athanassiou.

 4        A    Good morning.

 5        Q    Hopefully, I won't kill that too much.

 6             Could you give your full name and home

 7   address, please.

 8        A    My name is Charalambos Athanassiou, and I

 9   live in ██████████████████████████████████.

10        Q    And have you had your deposition taken

11   before?

12        A    No.

13        Q    Have you had discussions with counsel for

14   University of Pittsburgh where he's described the

15   proceeding today?

16             MR. ZELE:  Just representing

17   Mr. Athanassiou today.

18             MR. ANTHONY:  Excuse me.

19             MR. ZELE:  For the record, I'm

20   representing Mr. Athanassiou.

21   BY MR. ANTHONY:

22        Q    Have you had discussions with your counsel

23   as to what the nature of the proceedings are today?

24        A    Yes.

25        Q    Let me just supplement that, perhaps
</pre>

1      A    I was hired as an image processing and

2    automation engineer in 1998, and then through the

3    years, I get different promotions.  And by 2007, I

4    was bioinformatics manager, who also includes the

5    responsibility of supervising the teams, software

6    processing, software engineering, IT and in general

7    everything computer in that small company.

8      Q    It might help the court reporter, your

9    English is excellent, but you combine somewhat of an

10   accent with very quick speech, so it might help the

11   court reporter just to slow down, if you can.

12     A    I will try, but it has been remarked in

13   the past that even when I repeat myself, I'm still

14   speaking too fast.  I will try, but I don't

15   guarantee any success.

16     Q    If you hear groans from your right,

17   then --

18     A    I have no problem repeating myself five

19   times.  I've been doing it all my life, including in

20   Greek.

21     Q    Now, since -- and then when you left

22   Automatic Cell --

23     A    Automated Cell.

24     Q    -- this year, what did you do next?

25     A    I'm currently not employed.

STATE OF CALIFORNIA        )

: SS

COUNTY OF SAN FRANCISCO    )


     I, the undersigned, a Certified Shorthand
Reporter of the State of California, do hereby certify:

     That the foregoing proceedings were taken before
me at the time and place herein set forth; that any
witnesses in the foregoing proceedings, prior to
testifying, were placed under oath; that a verbatim record
of the proceedings was made by me using machine shorthand
which was thereafter transcribed under my direction;
further, that the foregoing is an accurate transcription
thereof.

     I further certify that I am neither financially
interested in the action nor a relative or employee of any
attorney of any of the parties.  IN WITNESS WHEREOF, I
have this date subscribed my name.

Dated: _11 - 16 - 2007._

_____

RICK POSNER CSR No. 5040

U.S. Legal Support

# EXHIBIT D

DANIEL JOHNSON, JR. (SBN 574090)
RITA E. TAUTKUS (SBN 162090)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco CA 94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001
Email:  djjohnson@morganlewis.com
Email:  rtautkus@morganlewis.com

Attorneys for Plaintiff
UNIVERSITY OF PITTSBURGH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH<br><br>            Plaintiff,<br><br>    v.<br><br>VARIAN MEDICAL SYSTEMS, INC.<br><br>            Defendant. | Case No. CV 08-02973 MMC<br><br>**DECLARATION OF LAURA HILLOCK IN RESPONSE TO JULY 16, 2008 COURT ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS**<br><br>Date:  August 29, 2008<br>Time:  9:00 a.m.<br>Courtroom 7, 19th Floor |

I, Laura Hillock, declare as follows:

1.    I am an Associate General Counsel of the University of Pittsburgh.  I am authorized to represent University of Pittsburgh.  The matters referred to in my declaration are based on my personal knowledge and, if called as a witness, I could and would testify competently to those matters.

2.    I have reviewed the documents contained in Exhibit S of the Sealed Declaration of Matthew H. Poppe in Support of Varian's Motion to Transfer Action to U.S. District Court for Western District of Pennsylvania.  The documents contained in Exhibit S were produced by the University of Pittsburgh in the Western District of Pennsylvania action, Case No. 07-0491, labeled with Bates numbers PITT00001625-72 and PITT00002018-23, and designated as Confidential Information pursuant to the Protective Order (Docket No. 29, as amended Docket No. 331) entered in the Western District of Pennsylvania action, Case No. 07-0491.

3.    The documents in Exhibit S contain communications from previous patent licensing negotiations between the University of Pittsburgh and Varian Medical Systems, Inc. including proposed term sheets.  University of Pittsburgh considers the details of its licensing negotiations to be confidential between the parties of the negotiation.  These details are commercial information which is not publicly known and is of commercial advantage to University of Pittsburgh.  For example, if this information were known by other potential licensees, it would affect our ability to license the patents that were subject to these negotiations with Varian and other similar patents to these potential licensees.  Accordingly, University of Pittsburgh requests that all of the documents included in Exhibit S be filed under seal, namely the documents Bates labeled as PITT00001625-72 and PITT00002018-23.

4.    I have reviewed Exhibit R of the Sealed Declaration of Matthew H. Poppe in Support of Varian's Motion to Transfer Action to U.S. District Court for Western District of Pennsylvania, and found that it contains pages 1, 2, 4-6, 22-25, 48-53, and 120 of the transcript from the deposition of Alexander Ducruet, Ph.D., who was University of Pittsburgh's Rule 30(b)(6) designee for the deposition taken on October 2, 2007, in the Western District of Pennsylvania action, Case No. 07-0491.  Portions of these excerpts reveal how University of Pittsburgh prepares term sheets for use in

1  patent licensing agreements.  This information is commercial information which is not publicly

2  known and is of commercial advantage to the University of Pittsburgh.  For example, if this

3  information were known by potential licensees, it would affect our ability to license our patents to

4  these potential licensees.

5      5.    Accordingly, University of Pittsburgh requests that page 49, line 13 to page 53, line

6  25 of the October 2, 2007 deposition transcript of Alexander Ducruet, Ph.D., be filed under seal.

7  University of Pittsburgh has no objection to the remaining pages of Exhibit R, namely 1, 2, 4-6, 22-

8  25, 48, 49 (excluding lines 13-25), and page 120, being filed in the public record.

9      I declare under penalty of perjury under the laws of the United States of America that the

10  foregoing is true and correct and that this declaration was executed this ⎽⎽⎽ day of July, 2008, at

11  Pittsburgh, Pennsylvania.

12

13  By: ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽

14      Laura Hillock

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

# EXHIBIT R

( REDACTED )

1

## FOR ATTORNEYS' EYES ONLY

1    IN THE UNITED STATES DISTRICT COURT FOR THE
        WESTERN DISTRICT OF PENNSYLVANIA
2

3                    - - - -

4    UNIVERSITY OF PITTSBURGH,        )
                                      )
5           Plaintiff,                )
                                      )
6                                     )      Case No.
         -vs-                         )  07-CV-0791 (AJS)
7                                     )
                                      )
8    VARIAN MEDICAL SYSTEMS, INC.,    )
                                      )
9                                     )
            Defendant.                )
10

11                                      CERTIFIED TRANSCRIPT

12                    - - - -

13       CONFIDENTIAL - ATTORNEYS' EYES ONLY

14                    - - - -

15    DEPOSITION OF:  ALEXANDER DUCRUET, Ph.D.

16                    - - - -

17

18           DATE:    October 2, 2007
                      Tuesday, 2:39 p.m.

19

20           LOCATION:    PICADIO SNEATH
                          MILLER & NORTON
21                        4710 U.S. Steel Tower
                          600 Grant Street
22                        Pittsburgh, PA  15219

23           TAKEN BY:    Defendant

24

25           REPORTED BY:    Heidi H. Willis, RPR, CRR
                             Notary Public
                             AKF Reference No. HW03476A



2

1        DEPOSITION OF ALEXANDER DUCRUET, Ph.D.,
a witness, called by the Defendant for examination,
2  in accordance with the Federal Rules of Civil
Procedure, taken by and before Heidi H. Willis, RPR,
3  CRR, a Court Reporter and Notary Public in and
for the Commonwealth of Pennsylvania, at the offices of
4  Picadio Sneath Miller & Norton, 4710 U.S. Steel
Tower, Pittsburgh, Pennsylvania, on Tuesday, October
5  2, 2007, commencing at 2:39 p.m.

6

               - - - -

7

8  APPEARANCES:

9       FOR THE PLAINTIFF:
Rita E. Tautkus, Esq.
10  MORGAN LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
11  San Francisco, CA  94105
P 415-442-1357
12  F 415-442-1001
rtautkus@morganlewis.com
13

  - and -
14

Laura R. Hillock, Esq.
15  UNIVERSITY OF PITTSBURGH
1710 Cathedral of Learning
16  Pittsburgh, PA  15260
P 412-624-0216
17  F 412-624-9165
thillock@pitt.edu
18

19

       FOR THE DEFENDANT:
20  Henry Sneath, Esq.
Shannon Clougherty, Esq.
21  PICADIO SNEATH MILLER & NORTON
4710 U.S. Steel Tower
22  600 Grant Street
Pittsburgh, PA  15219
23  412-288-4000
hsneath@psmn.com
24

25

4

```
 1              ALEXANDER DUCRUET, Ph.D.,

 2                being first duly sworn,

 3           was examined and testified as follows:

 4                      - - - -

 5                     EXAMINATION

 6                      - - - -

 7   BY MR. SNEATH:

 8   Q.    Mr. Ducruet, my name is Henry Sneath.  I

 9         represent Varian Medical Systems in a lawsuit

10         filed by the University of Pittsburgh that's

11         here in the Western District.

12              I'm going to ask you questions today

13         about those claims and related topics, and you

14         are entitled to understand my questions.  If

15         you don't understand them, please ask me to ask

16         them again or rephrase them, and I'll be happy

17         to do that.

18              If you need to consult with your

19         counsel at any time, please feel free to do

20         that as well.  If you need to take a personal

21         break, just let me know as well.  Okay?

22   A.    Yes, okay.

23   Q.    You need to keep all of your responses verbal.

24         Try to keep your voice up so that Heidi, our

25         court reporter, can take down everything you
```

1      say.

2              I will let you finish your answers if

3      you'll let me finish my questions.  I'll do it

4      anyway even if you don't let me finish them,

5      but let's try not to talk over each other and

6      let each other finish completely.

7              Be aware that there will be times

8      when your counsel will impose objections, and

9      then she will instruct you as to whether you

10     are to answer or not answer depending on what

11     her objection is.  Sometimes she will be

12     jumping in between what you and I say.  Okay?

13  A.  Okay.

14  Q.  State your full name, please.

15  A.  Alexander Ducruet.

16  Q.  What's your home address?

17  A.  100 Thornberry Drive.

18  Q.  We are getting the tough ones out of the way

19      early.  100 Thornberry Drive?

20  A.  Pittsburgh, PA 15235.

21  Q.  Okay.  And what's your employment position at

22      Pitt?

23  A.  Technology licensing manager in the office of

24      technology management.

25  Q.  And how long have you been in that position?

1   A.    A little over two years.

2   Q.    And where were you employed before that?

3   A.    At the University of Pittsburgh.

4   Q.    As what?

5   A.    A postdoctoral researcher in the department of

6         pharmacology.

7   Q.    It sounds like we are getting back to the time

8         of your education or thereabouts.  Why don't

9         you tell me where you went to school and what

10        degrees you have.

11  A.    From the beginning?

12  Q.    Well, we can skip grade school, middle school

13        and high school.  College and beyond.

14  A.    I have a bachelor's degree in biochemistry from

15        the University of Michigan and a Ph.D. in

16        molecular pharmacology from the University of

17        Pittsburgh.

18  Q.    Did you immediately, after getting the advanced

19        degree, go to work at Pitt?

20  A.    Yes.

21  Q.    And the job just before you were in the tech

22        licensing job; right?

23  A.    Correct.

24  Q.    And what was the name of that position again?

25  A.    Postdoctoral researcher.



1  A.   No.

2  Q.   Would you take a look at Exhibit 3.  Should be

3       fairly close to the top.  This is dated August

4       26th, 1996.  Clearly you were not there at the

5       time; right?

6  A.   Correct.

7  Q.   Do you know just who the people are down at the

8       bottom?  Do you know any of them from your more

9       recent work there, Jodi Buntain, Joyce Yasko,

10      Melvin Deutsch?  Do you know who any of them

11      are?

12  A.   No.

13  Q.   Can you recall what the first exposure that you

14      had in your job at Pitt, what your first

15      exposure was to the technology that is the

16      subject of the two patents that are at issue in

17      this lawsuit?  Do you remember what your first

18      connection was to any of that?

19  A.   Yes.

20  Q.   Can you just tell me generally what it was so I

21      can get a time reference and sort of a context

22      for your involvement?

23  A.   I was asked by our director to follow up on an

24      inquiry made to our office from Varian in

25      response to the Kalend patents.



1    Q.    And that's Mr. Kalend you are talking about?

2          Did I say his name?

3    A.    Kalend, Andre Kalend.

4    Q.    Oh, Kalend.  No, you said by your director?

5    A.    Yes.

6    Q.    Your department director, who is that?

7    A.    Marc Malandro.

8    Q.    Malandro, I see.  So Mr. Malandro asked you to

9          respond to Varian regarding Varian's right?

10   A.    I'm sorry, could you repeat the last part of

11         it?

12   Q.    He asked you to respond to Varian, that was

13         your involvement?

14   A.    Yes.

15   Q.    What documentation or information were you

16         provided to get started in that process?

17   A.    Copy of an e-mail.

18   Q.    Did you do any research, investigation, due

19         diligence, whatever you want to call it prior

20         to communicating with Varian on issues that you

21         thought would be related?

22   A.    No.

23   Q.    Did you call them or did you e-mail them?

24   A.    I e-mailed Scott Johnson from Varian to set up

25         a time for a conference call.



```
 1   Q.   Did there come a time when did you some

 2        research or investigation into the technology

 3        and the patents and other things that would be

 4        at issue in discussing a license with Varian?

 5   A.   Yes, there were -- at a certain point in time,

 6        we did those activities.

 7   Q.   Okay.  When you said "we," who are you

 8        referring to?

 9   A.   Myself and Carolyn Webber from our office.

10   Q.   Okay.  What was her job responsibility?

11   A.   She is a marketing manager at our office.

12   Q.   Okay.  So tell me a little bit about what you

13        did to learn about the technology and the

14        patents and other things related to a potential

15        licensing arrangement?

16   A.   Well, I spoke with Dr. Greenberger.

17   Q.   Do you know when you did that?

18   A.   December of 2005.

19   Q.   Was that in person or by phone?

20   A.   In person.

21   Q.   Did you take notes?

22   A.   Yes.

23   Q.   Do you know if he took notes?

24   A.   I don't remember.

25   Q.   Was there anybody else present?
```



1    A.    No.

2    Q.    What was the substance of that discussion?

3    A.    He spoke about several technologies of his, one

4          of which were the Kalend patents.

5    Q.    Okay.  And in what context were you discussing

6          them with him?

7    A.    In response to the inquiry from Varian.

8    Q.    And the initial inquiry as it was presented to

9          you related to how many different technologies?

10   A.    Two.

11   Q.    And how would you delineate the two?  What were

12         they?

13   A.    They were the two patent applications -- I'm

14         sorry, issued patents on the respiratory gating

15         and the image processing.

16   Q.    Okay.  Those two patents?

17   A.    Correct.

18   Q.    Okay.  Anything else?

19   A.    They made it clear they were not interested in

20         the third patent on patient positioning.

21   Q.    The '192 patent, do you remember?  Anyway, I

22         think we all know what the third one is.

23   A.    Yes, I believe that's correct.

24   Q.    Okay.  So they made it clear they weren't

25         interested in that.  Was there any other topic



1    we may not have given to him.  Correct.  Here

2    we go.  Apologize.

3  Q.  All right.  Showing you Exhibit 15.  For the

4    purposes of this deposition today, we did Pitt

5    exhibits throughout for both witnesses, so we

6    are not segregating them, so they all bear the

7    same numeric sequence.

8        Does this e-mail refresh your

9    recollection as to one of your earliest

10    involvements in the Varian matter?

11  A.  Yes.

12  Q.  This was November 17, 2005; correct?

13  A.  That's what the e-mail says.

14  Q.  Right, but you don't have any reason to doubt

15    that; right?

16  A.  No reason.

17  Q.  Would you look and see if Exhibit 16 is in

18    front of you?

19  A.  It is.

20  Q.  Was this more follow-up e-mail communication as

21    you were starting up your communications with

22    Varian and Scott Johnson?

23  A.  That's correct.

24  Q.  Take a look, if you have it in front of you, at

25    Exhibit 19.  This is a string of e-mails, the

1      last of which is December 16, 2005, from you to

2      Scott Johnson; is that correct?

3  A.   That's correct.

4  Q.   And here you indicate, Please find attached

5      license terms for the patents by Kalend, et

6      al., and you look forward to his comments.  Do

7      you see that?

8  A.   I do.

9  Q.   Take a look at the last two pages of the

10     exhibit.  Would those be the two pages of the

11     term sheet you submitted with that e-mail?

12  A.  Yes.



120

1    COMMONWEALTH OF PENNSYLVANIA )     CERTIFICATE

2    COUNTY OF ALLEGHENY           )     SS:

3         I, Heidi H. Willis, RPR, CRR, a Court Reporter

4    and Notary Public in and for the Commonwealth of

5    Pennsylvania, do hereby certify that the witness,

6    ALEXANDER DUCRUET, Ph.D., was by me first duly sworn

7    to testify to the truth; that the foregoing

8    deposition was taken at the time and place stated

9    herein; and that the said deposition was recorded

10   stenographically by me and then reduced to printing

11   under my direction, and constitutes a true record of

12   the testimony given by said witness.

13        I further certify that the inspection, reading

14   and signing of said deposition were NOT waived by

15   counsel for the respective parties and by the

16   witness.

17        I further certify that I am not a relative or

18   employee of any of the parties, or a relative or

19   employee of either counsel, and that I am in no way

20   interested directly or indirectly in this action.

21        IN WITNESS WHEREOF, I have hereunto set my hand

22   and affixed my seal of office this 10th day of

23   October, 2007.

24   _____

25                    COMMONWEALTH OF PENNSYLVANIA
                      Notarial Seal
                      Heidi H. Willis, Notary Public
                      City Of Pittsburgh, Allegheny County
                      My Commission Expires July 8, 2008
                      Member, Pennsylvania Association Of Notaries

Pittsburgh, PA      Greensburg, PA      Erie, PA
412-261-2323    /   724-853-7700    /   814-453-5700                    AKF

# EXHIBIT F

# EXHIBIT 23
~~FILED UNDER SEAL~~

IN THE UNITED STATES DISTRICT

NORTHERN DISTRICT OF CALIFORNIA


UNIVERSITY OF PITTSBURGH,          )
                                   )
            Plaintiff              )
                                   ) Case No.
vs.                                ) 07-CV-0791 (AJS)
                                   )
VARIAN MEDICAL SYSTEMS,            ) Western District of
                                   ) Pennsylvania
                                   )
            Defendant.             )
_____)



HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF KARUN B. SHIMOGA, PhD

August 31, 2007



Reported by:

Rick Posner

CSR No. 5040

1                    IN THE UNITED STATES DISTRICT

2                  NORTHERN DISTRICT OF CALIFORNIA

3

4 UNIVERSITY OF PITTSBURGH,        )
                                   )
5            Plaintiff             )
                                   ) Case No.
6 vs.                              ) 07-CV-0791(AJS)
                                   )
7 VARIAN MEDICAL SYSTEMS,          ) Western District of
                                   ) Pennsylvania
8                                  )
             Defendant.            )
9 _____  )

10

11

12            Deposition of KARUN B. SHIMOGA, PhD

13            taken on behalf of the Defendant at

14            1000 Marsh Road, Menlo Park, CA

15            beginning at 8:57 a.m. and ending at

16            6:02 p.m. on Friday, August 31, 2007

17            before Rick Posner, CSR No. 5040.

18

19

20

21

22

23

24

25

Page 7

1                 KARUN B. SHIMOGA, PhD,

2 Having been first duly sworn, was examined and

3 testified as follows:

4

5         THE VIDEOGRAPHER:  Good morning.  Here

6 begins the deposition of Dr. Karun Shimoga in the

7 matter of University of Pittsburgh versus Varian

8 Medical Systems, Inc.  This case is filed in the

9 United States District Court for the Western

10 District of Pennsylvania.  And the case number is        8:57:38AM

11 2:07-CV-00491-AJS.  Today's date is August 31st,

12 2007, and the time is 8:57 a.m.

13         This deposition is taking place at the law

14 offices of Orrick, Herrington & Sutcliffe, LLP,

15 located at 1000 Marsh Road, Menlo Park, California,       8:58:02AM

16 94025, and is being taken on behalf of the

17 defendants.  The videographer is Ramon Peraza

18 appearing on behalf of US Legal Support.  The court

19 reporter is Rick Posner, also appearing on behalf of

20 US Legal Support.                                         8:58:20AM

21         Will counsel present please identify

22 yourselves for the record and state whom you

23 represent.

24         MR. POPPE:  Matthew Poppe with Orrick on

25 behalf of Varian Medical Systems.                         8:58:27AM