DANIEL JOHNSON, JR. (SBN 57409)
RITA E. TAUTKUS (SBN 162090)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
Email: djjohnson@morganlewis.com
Email: rtautkus@morganlewis.com

Attorneys for Plaintiff
UNIVERSITY OF PITTSBURGH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH<br><br>Plaintiff,<br><br>vs.<br><br>VARIAN MEDICAL SYSTEMS, INC.<br><br>Defendant. | Case No. CV 08-02973 MMC<br><br>**UNIVERSITY OF PITTSBURGH'S OBJECTIONS TO VARIAN MEDICAL SYSTEMS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)**<br><br>Date: September 5, 2008<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor |

**I.   INTRODUCTION**

The University of Pittsburgh ("UPitt") objects to Varian Medical System Inc.'s ("Varian's") Request for Judicial Notice in Support of Its Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(B)(6) Based on Doctrine of Res Judicata [Docket No. 51] (hereinafter "Varian's Request"). Varian's Request is related to documents from a previous action between the parties in the Western District of Pennsylvania. However, Varian overreaches in its request for judicial notice by asking this Court to take notice of facts that are not appropriate for judicial notice. The requested facts are "subject to reasonable dispute" as they are neither "generally known within the territorial jurisdiction of the trial court" nor "capable of accurate and

ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).

UPitt does not object to judicially noticing that certain documents exist, and were either submitted to or issued by the Western District of Pennsylvania Court in the previous litigation between the parties. Specifically, UPitt does not object to judicially noticing the existence of the following documents from Varian's Request and that the statements contained within these documents were made. (1) Exhibits A, B, I, K-O, and Q (pleadings); (2) Exhibits C, D, H, and J (Orders); (3) Exhibit P (Judgment); (4) Exhibit E (docket sheet); (5) Exhibit F (transcript from a proceeding); and (6) Exhibit G[1] (document filed by the Special Master). To the extent Varian is asking the Court to take judicial notice "for the truth of these statements" in these filings (*i.e.*, treat them as admissions), UPitt objects and respectfully asserts that those requests must be denied because they are not supported by the law.

In addition, Varian previously asked this Court to take judicial notice of certain exhibits in its Request for Judicial Notice in Support of Its Motion to Transfer [Docket No. 19] "for the fact…that the statements contained [in these documents] were made to the court…, if not for the truth of those statements." In light of Varian's most request for judicial notice, it appears Varian was asking the Court to take judicial notice for the truth of the statements made in those exhibits. Accordingly, to the extent Varian is making such a request, UPitt also objects to Varian's Request for Judicial Notice in Support of Its Motion to Transfer [Docket No. 19].

## II. VARIAN FAILS TO SHOW ANY LEGAL SUPPORT FOR MANY OF ITS REQUESTS

### A. Varian's Request to Judicially Notice Pleadings from the Prior Action Must Be Limited to the Fact That the Pleadings Were Filed

Varian asks this Court to take judicial notice of a wide array of facts that are inappropriate for judicial notice. For each of its requests, Varian cites to a string of cases that provide no support and are largely irrelevant. Judicial notice is a tool to improve the Courts' efficiency by

---

[1] Varian only requested that the Court take judicial notice of this document in Section E of its Request, which is where Varian asks "the Court to take judicial notice of various admissions…" Varian's Request, at 5. UPitt objects to the use of any admissions in Exhibit G, but does not object to taking judicial notice of the fact that the document was filed by the Special Master in the Western District of Pennsylvania action. *See infra* § II.B.

finding certain facts as true when these facts are "generally known within the territorial jurisdiction," or are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992) (quoting Fed. R. Evid. 201(b)). For example, a court generally may take judicial notice of its own records and files, *Tal v. Hogan*, 453 F.3d 1244 1265 n.24 (10th Cir. 2006), and, in certain cases, documents in related court proceedings of another court. *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

When judicially noticing materials from another action, however, courts are careful not to blindly accept as true the statements made in those materials. Rather, the courts will limit the judicial notice to the existence of the documents, and nothing more. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity"); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-1389 (2d Cir. 1992) (a court may take judicial notice of a document filed in another court to establish the fact of that litigation and related filings, not for the truth of the matters asserted in the other litigation); *cf. Taylor v. Charter Medical Corp.*, 162 F.3d 827, 829-830 (5th Cir. 1998) (a court cannot take judicial notice of factual findings of another court, because such findings do not constitute facts "not subject to reasonable dispute" within the meaning of Rule 201); *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 n.6 (7th Cir. 1997) ("courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed."); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (district court erred in noticing findings of fact from related court proceeding).

Accordingly, Varian's request to have the Court take judicial notice of Exhibits A, B, I, K, L, M, N, and O "for the truth of those statements" (Varian's Request at 4) is inappropriate,

unsupported by law, and should be denied. Judicial notice must be limited to the fact that these documents were filed in the Western District of Pennsylvania action. The existence of these documents is what UPitt does not object to.

For reasons similar to those stated above, UPitt objects to Varian's request to have the Court take judicial notice of Exhibits A and V of its Request for Judicial Notice in Support of Its Motion to Transfer [Docket No. 19] "for the truth of those statements." Judicial notice of Exhibits A and V also must be limited to the fact that they were filed in the Western District of Pennsylvania action. However, UPitt does not object to judicially noticing the existence of these documents and that they were submitted to the Western District of Pennsylvania Court in the previous litigation between the parties.

### B.  Varian's Request That the Court Take Judicial Notice of the Statements Made by UPitt in the Prior Action Is Inappropriate

Varian asks this Court to "take judicial notice of various admissions made by a party in another action, including any admissions that it made in its pleadings." Varian's Request, at 5. However, the cases it cites for support are completely inapposite. As an initial matter, Varian appears to confuse the doctrine of "judicial notice" with the doctrine of "judicial admissions," and further confuses "judicial admissions" with ordinary "evidentiary admissions," which are governed by Fed. R. Evid. 801. Contrary to what Varian contends, the doctrine of judicial notice does not concern admissions, and judicial admissions are very different than ordinary evidentiary admissions.

Judicial notice is limited to certain undisputed facts that are generally known (*see supra* § II.A), while judicial admissions are limited to certain statements made in pleadings <u>filed in the same case</u>. Judicial admissions are not available or appropriate for statements made in another action (*e.g.*, the Western District of Pennsylvania action). *See Universal Am. Barge Corp. v. J-Chem.*, 946 F.2d 1131, 1142 (5th Cir. 1991) ("judicial admissions are not conclusive and binding in a separate case from the one in which the admissions are made."). That is, "judicial admissions are *formal* admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *American Title Ins., Co. v. Lacelaw Corp.*,

1   861 F.2d 224, 226 (9th Cir. 1988) (emphasis added).  By contrast, "ordinary evidentiary

2   admissions…may be controverted or explained by the party." *Keller v. United States*, 58 F.3d

3   1194, 1199 n.8 (7th Cir. 1995); *see also United States v. Belculfine*, 527 F.2d 941, 944 (1st Cir.

4   1975) ("Unlike ordinary [evidentiary] admissions, which are admissible but can be rebutted by

5   other evidence, judicial admissions are conclusive on the party making them.  Because of their

6   binding consequences, judicial admissions generally arise only from deliberate voluntary waivers

7   that expressly concede for the purposes of trial the truth of an alleged fact.").  Moreover, even

8   when made in the same action, for a statement to be a judicial admission, it must be "(1) made in

9   a judicial proceeding; (2) contrary to a fact essential to the theory of recovery; (3) deliberate,

10  clear, and unequivocal; (4) such that giving it conclusive effect meets with public policy; and (5)

11  about a fact on which a judgment for the opposing party can be based." *Heritage Bank v. Redcom

12  Labs.*, Inc., 250 F.3d 319, 329 (5th Cir. 2001).  Varian has not shown how any statement it wishes

13  to be considered a judicial admission meet any of these factors.

14          Varian has not cited any case in this, or any other circuit, that supports its request to

15  consider statements made in pleadings in *another court* to be judicial admissions in this action.

16  Each of the cases Varian cites either fails to discuss judicial admissions at all or is factually

17  distinguishable, *e.g.*, cases where the court found that factual assertions made in pleadings in the

18  *same case* were judicial admissions, not pleadings from another court.  *See In re Collins*, No. 06-

19  12517, 2007 Bankr. LEXIS 1271, at *1 & n.1 (Bankr. E.D. Pa. Apr. 5, 2007) (citing, with no

20  further explanation of what the court was taking to be a judicial admission, to several bankruptcy

21  court cases that considered a statement made in verified schedule of bankruptcy proceeding to be

22  a judicial admission in that proceeding) (cited in Varian's Request, at 5); *In re Spielberg*, No. 04-

23  16677, 2007 Bankr. LEXIS 991, at *3 & n.1 (Bankr. E.D. Pa. March 23, 2007) (same) (cited in

24  Varian's Request, at 5); *In re FleetBoston Fin. Corp. Sec. Litig.*, No. 02-4561, 2007 U.S. Dist.

25  LEXIS 87425, at *119 (D.N.J. Nov. 28, 2007) (taking judicial notice of facts stated in Plaintiff's

26  Complaint in the same action) (cited in Varian's Request, at 5); *Wietschner v. Monterey Pasta

27  Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (taking judicial notice, because it is well

28  known in the community, that refrigerated goods are generally perishable based on Plaintiffs'

1  admission in their Complaint that products are refrigerated) (cited in Varian's Request, at 5); *In re*
2  *A-Z Elecs., LLC*, 350 B.R. 886, 888 (Bankr. D. Idaho 2006) (court taking judicial notice of its
3  files and records in a related case and treating submissions of the debtors in their respective cases
4  as *admissions under Fed. R. Evid. 801*) (cited in Varian's Request, at 5).

5  In addition, even if admissions made in the pleadings of another case could be considered
6  judicial admissions, Varian failed to identify which specific statements it wants judicially
7  admitted. Varian also failed to articulate any reason why any statement should be considered a
8  judicial admission. Instead, Varian asks this Court to consider entire pleadings to be judicial
9  admissions. Such a broad request is well beyond anything contemplated by the law. The
10 pleadings subject to Varian's Request are motions, the bulk of which are legal arguments.
11 Judicial admissions are limited to statements of fact, not legal arguments or statements of law.
12 *See Maloney v. Scottsdale Ins. Co.*, No. 05-16686, 2007 U.S. App. LEXIS 24529, at *5 n.3 (9th
13 Cir. Oct. 16, 2007), *amended by* 256 Fed. Appx. 29 (9th Cir. Nov. 14, 2007) (unpublished)[2]
14 ("Judicial admissions apply only to factual statements, not statements of law.") (citing *American*
15 *Title Ins., Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)); *Koger v. Robert Half Int'l*,
16 2007 U.S. Dist. LEXIS 21214, at *21-22 (W.D. Pa. Mar. 7, 2007), *aff'd* 247 Fed. Appx. 349 (3d
17 Cir., Sept. 17, 2007) (non-precedential)[3] ("Judicial admissions are limited to factual matters
18 within the context of the litigation and do not extend to an opponent's conception of legal theories
19 that the parties think applicable to the facts at hand. Mere contentions and argument likewise do
20 not rise to the level of judicial admissions.") (citations omitted). Thus, Varian's request for
21 judicial admissions is unsupportable.

22 Finally, in the same section Varian requests judicial notice of "various admissions made
23 by a party…," it requests the Court take judicial notice of Exhibit G. Varian's Request, at 5.
24 Exhibit G is the "Report and Recommendation of Special Master filed on March 10, 2008 in the
25 Penn. case (Dkt. 254)." *Id.* at 1. It is unclear what, if any, admissions Varian is seeking to have
26 judicially noticed in this Exhibit, especially considering that the Exhibit was not drafted or filed

27
28
[2] Citation to this opinion is allowed by Fed. R. App. P. 32.1(a).
[3] Citation to this opinion is allowed by Fed. R. App. P. 32.1(a).

1  by either party to this case.  Again, Varian failed to explain why any of the statements contained
2  in this document should be consider a judicial admission, nor has it cited to any support that
3  statements made in a document filed in another case may be considered judicial admissions.
4  Thus, none of the statements in Exhibit G should be considered judicial admissions.  However, as
5  mentioned above, UPitt does not object to this Court taking judicial notice of the fact that this
6  document was filed by the Special Master in the Western District of Pennsylvania action, but only
7  to that extent.

8      Accordingly, Varian's broad request for this Court to "take judicial notice of various
9  admissions made by a party in another action, including any admissions that it made in its
10 pleadings" should be denied.

11 **III.     CONCLUSION**

12     Varian's requests for judicial notice should be limited to noticing the existence of certain
13 documents from a prior action between the parties in the Western District of Pennsylvania,
14 specifically, the existence of certain pleadings, orders, judgments, docket sheets, and the Special
15 Master's Report and Recommendation.  UPitt does not object to noticing the existence of these
16 documents.  The truth of the matter asserted in those documents, however, is inappropriate for
17 judicial notice, and Varian failed to give any justified reason for this Court to deem those
18 statements as judicial admissions.  UPitt objects to Varian's Request to the extent it seeks judicial
19 notice of any document for the truth of the matter asserted therein.

20

21                                 Respectfully submitted,

22

23 Dated:  August 15, 2008              DANIEL JOHNSON, JR.
                                                   RITA E. TAUTKUS
24                                                    MORGAN LEWIS & BOCKIUS LLP

25                                                    By: /s/ Rita E. Tautkus
                                                       Rita E. Tautkus
26                                                        Attorneys for Plaintiff
                                                       UNIVERSITY OF PITTSBURGH
27

28