1   WILLIAM L. ANTHONY, JR.  (State Bar No. 106908)
    wanthony@orrick.com
2   MATTHEW H. POPPE  (State Bar No. 177854)
    mpoppe@orrick.com
3   ZHENG LIU  (State Bar No. 229311)
    jenliu@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, California 94025
    Telephone:      +1-650-614-7400
6   Facsimile:      +1-650-614-7401

7   Attorneys for Defendant
    VARIAN MEDICAL SYSTEMS, INC.
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13   UNIVERSITY OF PITTSBURGH OF THE          Case No.  CV 08-02973 MMC
     COMMONWEALTH SYSTEM OF HIGHER
14   EDUCATION d/b/a UNIVERSITY OF            **VARIAN'S REPLY TO UNIVERSITY
     PITTSBURGH, a Pennsylvania non-profit    OF PITTSBURGH'S OBJECTIONS
15   corporation (educational),               TO VARIAN'S REQUEST FOR
                                              JUDICIAL NOTICE IN SUPPORT OF
16                Plaintiff,                  MOTION TO DISMISS PLAINTIFF'S
                                              CLAIMS PURSUANT TO FED. R.
17        v.                                  CIV. P. 12(B)(6) BASED ON
                                              DOCTRINE OF RES JUDICATA**
18   VARIAN MEDICAL SYSTEMS, INC., a
     Delaware corporation,                    Date:         September 5, 2008
19                                            Time:         9:00 a.m.
                  Defendant.                  Courtroom: 7, 19th Floor
20

21

22

23

24

25

26

27

28

1    Varian Medical Systems, Inc. ("Varian") has properly asked the Court to take notice of

2    certain items that are on file in another action between the parties.  Varian's requests are narrow

3    and grounded in law and the objections thereto asserted by the University of Pittsburgh ("UPitt")

4    should be overruled.

5    **A.    Varian's Request for Judicial Notice Is Proper**

6    Contrary to the picture painted by UPitt, Varian has asked the Court to take judicial notice

7    of the fact that (1) certain documents were filed in a related proceeding in the United States

8    District Court for the Western District of Pennsylvania, and (2) certain statements or findings

9    were made within those documents.  Such narrow use of these documents is wholly appropriate.

10    *See* Request for Judicial Notice in Support of Varian's Motion to Dismiss Pursuant to Fed. R.

11    Civ. P. 12(b)(6) ("Varian's RJN") (citing relevant authorities).  Not only does UPitt concede this

12    principle in its objections, but it relies on the same principle in support of its own Request for

13    Judicial Notice and its Opposition to Varian's Motion to Dismiss.

14    UPitt's objections to Varian's RJN are based on purely hypothetical concerns.  UPitt

15    complains at length that Varian has supposedly made overly broad requests to take judicial notice

16    of the truth of various statements made in certain documents.  UPitt fails, however, to identify,

17    within Varian's Memorandum of Points and Authorities in support of its motion to dismiss, any

18    improper citations or uses of the exhibits cited in Varian's RJN.  Thus, it is unclear what UPitt

19    actually objects to.

20    UPitt's objections are replete with faulty generalizations about Varian's alleged improper

21    requests to the Court to take notice of "judicial admissions."  UPitt mischaracterizes Varian's

22    RJN.  In no instance has Varian asked the Court to take notice of "judicial admissions."  Instead,

23    Varian asks the Court to take judicial notice of certain factual representations made by Plaintiff to

24    the Pennsylvania court as contained in the public record.  Taking notice of such representations is

25    permissible.  *See, e.g., Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995) (holding that

26    admissions of fact in a plea agreement are judicially noticeable); *In re A-Z Elecs., LLC*, 350 B.R.

27    886, 888 (Bankr. D. Idaho 2006) ("The Court takes judicial notice of its files and records in those

28    cases, Fed. R. Evid. 201, and treats the submissions of the debtors in their respective cases as

VARIAN'S REPLY TO UPITT'S OBJECTIONS TO RJN
ISO MOTION TO DISMISS BASED ON RES JUDICATA
(Case No. CV 08-02973 MMC)

admissions under Fed. R. Evid. 801"); *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005) ("the court may take judicial notice of public records and of 'admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action.'").  Factual representations made to a court are distinct from admissions in a complaint, answer, or response to a Request For Admission, the purpose of which is merely to define and narrow the issues in the case rather than to assert that a statement is known to be true and should be relied upon by the Court.

Thus, for example, UPitt represented to the Pennsylvania court that Carnegie Mellon University was willing to be added as a party in that action.  *See* Varian's RJN, Ex. I at 1, 4-5. This Court may take judicial notice of that fact because UPitt may not "backpedal" from such a representation that it made to another court.  *See Scholes*, 56 F.3d at 762.  At a minimum, this Court may take judicial notice of the fact that the representation was made and conclude that the representation was binding on UPitt in the Pennsylvania action.

**B.     Varian Does Not Ask the Court to Take Judicial Notice of the Truth of Any Fact Stated in Exhibit G**

In drafting Varian's RJN, Varian inadvertently cited to Exhibit G—the Report and Recommendation of the Special Master filed on March 10, 2008 in the Pennsylvania Case— within the section related to taking notice of factual admissions.  In fact, Exhibit G should have been cited in Section B of Varian's RJN, which asked the Court to take judicial notice of rulings from a prior action.  UPitt concedes the propriety of using Exhibit G in such a manner.

**C.     UPitt's Objections to Exhibits A and V to Varian's Request for Judicial Notice in Support of Its Motion to Transfer Are Untimely**

Although UPitt's objections are designated "Objections to … Request for Judicial Notice in Support of … Motion to Dismiss," UPitt asserts objections to two exhibits that were submitted by Varian solely in connection with its separate Motion to Transfer.  UPitt's objections to those exhibits—Exhibits A and V to Request for Judicial Notice in Support of Varian's Motion to Transfer—are untimely.  UPitt did not challenge the use of these exhibits when it filed its other papers in opposition to the Motion to Transfer on July 11, 2008, waiting instead until August 15,

/ / /

1    2008 to assert those objections.  Moreover, Exhibit A and V are the proper subject of judicial

2    notice pursuant to the authorities cited above and in Varian's Requests for Judicial Notice.

3                                          **<u>CONCLUSION</u>**

4            For the foregoing reasons, Varian respectfully requests that the Court overrule UPitt's

5    objections and take judicial notice of each of the documents attached to Varian's RJN to the

6    extent and for the purposes set forth therein.

7            Dated:  August 22, 2008.

8                                                    WILLIAM L. ANTHONY
                                                     MATTHEW H. POPPE
9                                                    ZHENG LIU
                                                     ORRICK, HERRINGTON & SUTCLIFFE LLP

10

11                                                   By:_____/s/ *Matthew H. Poppe*_____
                                                              Matthew H. Poppe
12                                                         Attorneys for Defendant
                                                     VARIAN MEDICAL SYSTEMS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VARIAN'S REPLY TO UPITT'S OBJECTIONS TO RJN
                                                     ISO MOTION TO DISMISS BASED ON RES JUDICATA
                                                     (Case No. CV 08-02973 MMC)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the VARIAN'S REPLY TO UNIVERSITY OF PITTSBURGH'S OBJECTIONS TO VARIAN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6) BASED ON DOCTRINE OF RES JUDICATA was served upon the University of Pittsburgh, through its counsel, via:

| | |
|---|---|
| _____ | Hand-Delivery |
| _____ | Facsimile |
| _____ | First Class, US Mail, Postage Prepaid |
| _____ | Certified Mail-Return Receipt Requested |
| \_\_\_\_\_X\_\_\_\_ | ECF Electronic Service |
| _____ | Overnight Delivery |

at the following addresses:

Rita E. Tautkus
Morgan Lewis & Bockius, LLP
One Market – Spear Street Tower
San Francisco, CA  94105
rtautkus@morganlewis.com

Dated:  August 22, 2008                    __/s/ *Matthew H. Poppe*_____
                                                                Matthew H. Poppe

VARIAN'S REPLY TO UPITT'S OBJECTIONS TO RJN
ISO MOTION TO DISMISS BASED ON RES JUDICATA
(Case No. CV 08-02973 MMC)