WILLIAM L. ANTHONY, JR. (State Bar No. 106908)
wanthony@orrick.com
MATTHEW H. POPPE (State Bar No. 177854)
mpoppe@orrick.com
ZHENG LIU (State Bar No. 229311)
jenliu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone:   +1-650-614-7400
Facsimile:   +1-650-614-7401

Attorneys for Defendant
VARIAN MEDICAL SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION d/b/a UNIVERSITY OF PITTSBURGH, a Pennsylvania non-profit corporation (educational),<br><br>Plaintiff,<br><br>v.<br><br>VARIAN MEDICAL SYSTEMS, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 08-02973 MMC<br><br>**REPLY REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF VARIAN'S MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6) BASED ON THE DOCTRINE OF RES JUDICATA**<br><br>Date:     September 5, 2008<br>Time:     9:00 a.m.<br>Courtroom: 7, 19th Floor |

In addition to the requests made by Defendant Varian Medical Systems, Inc. ("Varian") in its Request for Judicial Notice in Support of Varian's Motion to Dismiss Plaintiff's Claims Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) Based on the Doctrine of Res Judicata, filed on July 23, 2008, Varian respectfully requests that this Court take judicial notice of the following additional documents, pursuant to Federal Rule of Evidence 201, in support of Varian's Motion to Dismiss.

1. Plaintiff's Response to Defendant's Motion to Dismiss and for Entry of Final Judgment in *University of Pittsburgh v. Varian Medical Systems, Inc.*, Case No. 2:07-cv-00491-AJS, in the United States District Court for the Western District of Pennsylvania (the "Penn. Case") dated May 27, 2008 (Doc. No. 300). A true and correct copy of this document is attached hereto as Exhibit A.

2. Plaintiff's letter stating its issues on appeal, transmitted pursuant to Federal Circuit Rule 30(b)(2) by Roderick R. McKelvie of Covington & Burling LLP to Eric L. Wesenberg of Orrick, Herrington & Sutcliffe LLP, in *University of Pittsburgh v. Varian Medical Systems, Inc.*, Case No. 2008-1441, in the proceeding before the United States Court of Appeals for the Federal Circuit (the "CAFC Case"), dated July 14, 2008. A true and correct copy of this document is attached hereto as Exhibit B.

## DISCUSSION

The documents attached hereto are properly subject to judicial notice under Federal Rule of Evidence 201 and established precedent.

**A. This Court Should Take Judicial Notice of Pleadings in the Prior Patent Action Between the Parties in the Western District of Pennsylvania (Exhibit A)**

It is appropriate for the Court to take judicial notice of the filing of a court pleading, and its entry in court records. *Hunt v. Check Recovery Sys.*, 178 F. Supp. 2d 1157, 1160 (N.D. Cal. 2007) ("Judicial notice may be taken of "adjudicative facts" such as court records, pleadings and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned."); *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1091 & n.1

1  (N.D. Cal. 2003) (taking judicial notice of the documents and pleadings filed in a state court

2  action); *Western Federal Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal.

3  1992) (taking judicial notice of an entire state court action file involving a judicial foreclosure,

4  including both complaint and answer); *Rayon-Terrell v. Contra Costa County,* No. C-02-2759,

5  2004 U.S. Dist. LEXIS 22028, at *3 (N.D. Cal. 2004) (taking judicial notice of defendant's

6  answer); *Piper v. RGIS Inventory Specialists, Inc.*, 2007 U.S. Dist. LEXIS 44486, at *3 & n.1

7  (N.D. Cal. 2007) (taking judicial notice of pleadings in various actions).

8  Consequently, the Court may take judicial notice of Exhibit A for the fact that it was filed

9  and that the statements contained therein were made to the court in the Penn. Case).

**B.  This Court Should Take Judicial Notice of Plaintiff's Federal Circuit Rule 30(b)(2) Letter Stating the Issues on Appeal in a Related Action (Exhibit B)**

12  It is appropriate for the Court to take judicial notice of materials from another proceeding,

13  such as a letter transmitted pursuant to Court rules stating the issues on appeal in an appellate

14  case. *See Pueblo of Sandia v. United States,* 50 F.3d 856, 862 n.6 (10th Cir. 1995) (appellate

15  court deciding to take judicial notice of various letters even though they were not part of the

16  record in the trial court); *Cactus Corner, LLC v. United States Dep't of Agric.,* 346 F. Supp. 2d

17  1075, 1091-1100 (E.D. Cal. 2004) (noticing government letter entitled "Clementine Stakeholder

18  Letter" even though it was not part of the record); *Brewer v. United States,* 390 F. Supp. 2d 1378,

19  1379 (S.D. Ga. 2005) (taking judicial notice of a letter from another proceeding).

20  Federal courts do so because the existence of documents from other proceedings,

21  including appeals, are not subject to reasonable dispute. *Cactus Corner*, 346 F. Supp. 2d at 1091

22  (Federal courts may "take notice of proceedings in other courts, both within and without the

23  federal judicial system, if those proceedings have a direct relation to the matters at issue.");

24  *Corder v. Gates*, 104 F.3d 247, 248 & n.1 (9th Cir. 1996) (granting defendant's motion for the

25  court to take judicial notice of briefs and records in two earlier appeals).

26  Consequently, the Court may take judicial notice of Exhibit B for the fact that it was part

27  of the CAFC proceeding and that the statements contained therein were made as part of that

28  proceeding.

## **CONCLUSION**

For the foregoing reasons, Varian respectfully requests that the Court take judicial notice of each of the documents referenced herein and attached hereto.

Dated: August 22, 2008.

                WILLIAM L. ANTHONY
                MATTHEW H. POPPE
                ZHENG LIU
                ORRICK, HERRINGTON & SUTCLIFFE LLP

By:     /s/ *Matthew H. Poppe*
                Matthew H. Poppe
                Attorneys for Defendant
                VARIAN MEDICAL SYSTEMS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the REPLY REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF VARIAN'S MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6) BASED ON DOCTRINE OF RES JUDICATA was served upon the University of Pittsburgh, through its counsel, via:

| | |
|---|---|
| _____ | Hand-Delivery |
| _____ | Facsimile |
| _____ | First Class, US Mail, Postage Prepaid |
| _____ | Certified Mail-Return Receipt Requested |
| ____X____ | ECF Electronic Service |
| _____ | Overnight Delivery |

at the following addresses:

Rita E. Tautkus
Morgan Lewis & Bockius, LLP
One Market – Spear Street Tower
San Francisco, CA   94105
rtautkus@morganlewis.com

Dated:  August 22, 2008          __/s/ *Matthew H. Poppe*_____
                                                    Matthew H. Poppe

- 4 -     REPLY RJN ISO VARIAN'S MOTION TO DISMISS
BASED ON RES JUDICATA
(Case No. CV 08-02973 MMC)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIQUE ~~~ UNIVERSITY OF PITTSBURGH ) | ELECTRONICALLY FILED |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:07-CV-00491-AJS |
| ) | |
| VARIAN MEDICAL SYSTEMS, INC. ) | Judge Arthur J. Schwab |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND FOR ENTRY OF FINAL JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE SCHWAB:

University of Pittsburgh ("UPitt") respectfully responds to Varian's motion to dismiss counterclaims without prejudice and for entry of final judgment (Docket No. 296). As the Court noted on May 16, 2008, Varian's motion seeks two different rulings by the Court: (1) dismissal of Varian's counter-claims and (2) entry of judgment. Varian's motion should be denied to the extent that Varian seeks to characterize the dismissal of counterclaims differently from the dismissal of UPitt's claims. First, this Court already dismissed Varian's counter-claims with prejudice when it dismissed the action in its Order of April 20, 2008. Although UPitt believes that the dismissal did not constitute a separate order compliant with Fed. R. Civ. P. 58(a), the intent to dismiss the complaint and counter-claims was clear from the Court's Order.

Varian's motion is premised on its misunderstanding the plain meaning of the Court's April 30, 2008 Order (Docket No. 294)[1]. The Court stated that it dismissed "this action with prejudice." The Court did not only dismiss the complaint; rather, it also dismissed the answer

---

[1] Order Adopting Special Master's Report and Recommendation (Doc. No. 254) in Part; and Granting Defendant's Motion for Summary Judgment for Lack of Standing (Doc. No. 127).

1-PA/3708043.1                                1

and counter-claims – the entire action.² Moreover, "The term 'action' encompasses the entire proceedings in the district court, signifying that the order of dismissal terminated USI's counterclaims." *Walter Kidde Portable Equipment, Inc. v. Universal Sec. Instruments, Inc.,* 479 F.3d 1330, 1335 (Fed. Cir. 2007).

Varian asserted two counterclaims: (1) invalidity and (2) non-infringement. *See* Varian Medical Systems Inc.'s Answer and Counterclaims, Docket No. 20, at 4-5. As explained in *H.R. Technologies, Inc. v. Astechnologies, Inc.,* 275 F.3d 1378, 1386 (Fed. Cir. 2002)*,* if the plaintiff lacks standing to assert an infringement claim, then the defendant does not have the correct party (or parties) to assert a counter-claim of non-infringement. *See also Kidde,* 479 F.3d at 1339-1340 (discussing application of *H.R. Technologies*). The same logic applies to Varian's invalidity counterclaim, resulting in dismissal of that claim as well. Thus, Varian's motion should be denied; and, the entire action should be dismissed pursuant to Fed. R. Civ. P. 58(a).

Regarding the form of the dismissal, UPitt believes that the entire action should have been dismissed *without prejudice*, not *with prejudice*. "Because lack of standing is not an issue that goes to the merits of the underlying patent issues, a dismissal of a complaint for lack of standing would *not normally* be expected to be made with prejudice." *H.R. Technologies,* 275 F.3d at 1384 (emphasis added). This is especially true when it is apparent that the standing can be easily cured, which is the case here. *Id.* ("In this case, the district court concluded that HRT could cure its standing defect by executing a valid assignment and re-filing its complaint, and that nothing in the first proceeding provided any compelling reason to deprive HRT of the right to seek to enforce its patent."). The Court's April 30 Order indicates that standing could be corrected by curing the standing defect. Specifically, the Court held that Carnegie Mellon

---

² UPitt's interpretation was confirmed by UPitt's counsel's discussions with the Court Clerk on May 12, 2008.

University ("CMU") is currently a co-owner of the patents-in-suit, and CMU was not a party to the action. *See* April 30, 2008 Order (Docket No. 294), at 2. Thus, UPitt could correct standing by either joining CMU as a party[3] or executing a valid assignment. Once standing is corrected, then there should be no impediment to UPitt filing a new complaint; thus, starting a second action. *See H.R. Technologies,* 275 F.3d at 1384 ("In this case, the district court concluded that HRT could cure its standing defect by executing a valid assignment and re-filing its complaint … the court therefore did not abuse its discretion by dismissing HRT's complaint without prejudice.") Thus, the action should be dismissed *without prejudice*.

DATED:  May 27, 2008                                Respectfully submitted,

/s/ Rita E. Tautkus
Daniel Johnson, Jr. (*pro hac vice*)
Rita E. Tautkus (*pro hac vice*)
Darcy Paul (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square, Suite 700
3000 El Camino Real
Palo Alto, CA  94306
(650) 843-4000
(650) 843-4001 (facsimile)
djjohnson@morganlewis.com
rtautkus@morganlewis.com
dpaul@morganlewis.com

David W. Marston Jr. (Pa ID No. 84399)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5937

---

[3] The Court could also have joined CMU to the present action. *See Abbott Labs. v. Ortho Diagnostic Sys., Inc.,* 47 F.3d 1128, 1133-1134 (Fed. Cir. 1995) (holding that when a patent owner retains a substantial proprietary interest in the patent and wishes to participate in an infringement action, "the court must allow it to do so."); *Mentor H/S, Inc. v. Medical Device Alliance, Inc.,* 340 F.3d 1016, 1019 (Fed. Cir. 2001) (noting that Fed. R. Civ. P. 21 permits courts to add parties "at any stage of the action," and that the appropriate way of seeking joinder is by motion.).

(215) 963-5001 (facsimile)
dmarston@morganlewis.com

Christopher K. Ramsey (Pa ID No. 63293)
Elizabeth Stroyd Windsor (Pa ID No. 92010)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219
(412) 560-3300
(412) 560-7001 (facsimile)
cramsey@morganlewis.com
ewindsor@morganlewis.com

Attorneys for Plaintiff
University of Pittsburgh

# EXHIBIT B

# COVINGTON & BURLING LLP

| | | |
|---|---|---|
| 1201 PENNSYLVANIA AVENUE NW<br>WASHINGTON, DC 20004-2401<br>TEL 202.662.6000<br>FAX 202.662.6291<br>WWW.COV.COM | BRUSSELS<br>LONDON<br>NEW YORK<br>SAN FRANCISCO<br>WASHINGTON | RODERICK R. MCKELVIE<br>TEL 202.662.5195<br>FAX 202.778.5195<br>RMCKELVIE @ COV.COM |

July 14, 2008

**VIA ELECTRONIC MAIL**

Eric L. Wesenberg
Orrick, Herrington & Sutcliffe
1000 Marsh Road
Menlo Park, CA 94025

RE:   *University of Pittsburgh v. Varian Medical Systems, Inc.*
      (Appeal Nos. 2008-1441, -1454)

Dear Eric:

As we discussed today and pursuant to Federal Circuit Rule 30(b)(2), University of Pittsburgh provides the following statement of issues it intends to present for review:

(1) Whether the district court erred in concluding that University of Pittsburgh lacked standing to sue based on its ownership of the patents-in-suit.

(2) Whether the district court erred in dismissing the University of Pittsburgh's patent infringement claims with prejudice.

While we have agreed to forgo designating materials pursuant to the remainder of Federal Circuit Rule 30(b)(2), we will expect Varian to provide a similar statement of issues it intends to present for review with regard to its cross-appeal.

Sincerely yours,

*Roderick R. McKelvie*

Roderick R. McKelvie